### LAMBERT v. ELMENDORF.

(Supreme Court, Appellate Division, First Department. March 20, 1908.

1. FRAUD—FRAUDULENT REPRESENTATIONS—FALSITY AND KNOWLEDGE.
In order to rescind a contract or recover damages for fraud, knowledge must be alleged and proved; and either the representation of a fact as true which is known to be false, or the representation of knowledge when no knowledge exists, and the facts represented are not true, is sufficient to constitute fraud.
[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Fraud, §§ 4, 5.]

2. CORPORATIONS—TRANSFERS OF SHARES—RESCISSION—FRAUD.

In an action to rescind a purchase of stock from defendant because of representations that the amount of the corporate indebtedness was much less than it really was, though defendant did not know that these representations were false when made, and did not make them with intent to deceive, a statement by him that the investment was perfectly safe and that he was conversant with the whole situation was a representation that his statement as to the amount of corporate indebtedness was of his own knowledge, so as to entitle plaintiff to rescind the sale for fraud.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, § 506.]

3. TRIAL—DIRECTION OF VERDICT.

In an action to recover the amount paid for stock alleged to have been purchased through defendant's misrepresentations, where plaintiff testified to the fact of the misrepresentations, and defendant did not deny such representations in his testimony, there being no question of damages, a verdict was properly directed for plaintiff.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 336.]

4. CORPORATIONS—ACTION TO RESCIND SALE OF STOCK—REMEDY.

Where plaintiff rescinded a purchase of stock on the ground of fraud, he was entitled to recover, as for money had and received, the amount paid therefor, with interest.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, § 506.]

Appeal from Trial Term.

Action by Walter E. Lambert against John B. Elmendorf. From an order setting aside a verdict for plaintiff, and granting a new trial, plaintiff appeals. Verdict reinstated, and judgment directed on verdict.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Lewis H. Freedman, for appellant.
George E. Coney, for respondent.

INGRAHAM, J. This action was brought to recover the damages sustained by the plaintiff by reason of certain fraudulent representations made by the defendant to induce him to purchase certain shares of the capital stock of the Lakeside Cemetery Company of Buffalo. The representations were that the corporation had acquired and then owned a large tract of land of about 250 acres near the city of Buffalo, which was free and clear of all incumbrances, and that there were no claims existing against the corporation, with the exception of a small floating debt, which did not exceed $5,000; that the corporation would in a short time pay dividends upon its stock. The defendant concealed from the plaintiff the fact that there was a mortgage upon the land amounting to over $29,000, and that there were other claims against the corporation greatly exceeding the sum of $5,000, and entitled to priority over the stock. The complaint then alleges that these statements and representations were false, fraudulent, and untrue, and known to the defendant to be so; that the plaintiff believed the representations, and relied upon them, and purchased 50 shares of stock of the company for $1,500; that on plaintiff's discovering the falsity of the representations he rescinded the purchase, and tendered back to the defendant the stock purchased, and demanded repayment of the amount that he had paid.

The answer was a general denial, except as to the sale of the stock. The case came on for trial at Trial Term, and at the end of the testimony the court directed a verdict for the plaintiff for the full amount claimed. To this defendant excepted, whereupon the court set aside the verdict and granted a new trial; and from the order entered thereon the plaintiff appeals.

The plaintiff testified that the defendant told him that the corporation had acquired a large tract of land in Buffalo, which was an exceedingly "good thing"; that the defendant represented that the property was unincumbered, and that the debts of the corporation did not exceed $5,000. It was then proved that in September, 1900, when the representations were made, there was a mortgage upon the real estate of the corporation amounting to $22,750; that the corporation had taken the land subject to this mortgage; and that the total indebtedness of the cemetery in September, 1900, was $102,850, in addition to the mortgage. The defendant was called as a witness, and testified that he did not know of the existence of any mortgage on the real estate of the company; that he did not make any representations that the company was free and clear of incumbrances, to his knowledge, but that he was not sure. There can be no question but that a verdict in favor of the plaintiff would have been sustained; and the only question presented is whether the court was justified in directing a verdict for the plaintiff on this testimony. The action is based upon the rescission of the sale of stock and a demand to recover back the consideration paid. The sale was induced by statements made by the defendant, which related directly to the value of the stock, and which were false. What is necessary to justify a rescission of a sale of personal property is stated in L. D. Garrett Co. v. Appleton, 101 App. Div. 507, 92 N. Y. Supp. 136, affirmed on opinion below, 184 N. Y. 537, 76 N. E. 1099, as follows:

"To rescind a contract upon the ground of fraud, as to recover damages upon the ground of fraud, scienter must be alleged and proved; and while either the representation of a fact, knowing it to be false, made with intent to deceive, or representation of actual knowledge of a fact, when no such knowledge exists and the fact is not true, is sufficient to support a cause of action, one of these conditions must be proved to exist to sustain any action based upon fraud."

There was no evidence that the defendant knew this representation to be false at the time he made it, or that he made it with intent to deceive; and in his testimony he expressly denied such knowledge. The representation, however, was that the property had been acquired by the corporation unincumbered, except for a small debt; that it was a perfectly safe investment, which he himself was interested in; and that he was conversant with the whole situation. It seems to me that this is in substance a representation that he knew the situation, and thus a representation that this fact as to the incumbrances upon the property of the corporation was of his own knowledge, which brings the case within Hadock v. Osmer, 153 N. Y. 604, 47 N. E. 923. In that case the defendant made—

"a positive assertion of a material fact, with the intention that it should be acted upon and should induce the loan of the money. Yet he did not know the assertion, thus positively made for such an important purpose, to be true,

and he did not investigate or seek to discover whether it was true or not, although he had dealt some with the Browns and had some information as to their circumstances. He intended, as the jury has found upon sufficient evidence, that the lender should understand him as communicating his actual knowledge, and not as expressing his opinion, judgment, or belief. Knowing that he did not know what he said he did, and what he intended to cause another to believe he did, he took the responsibility of its truth, and honesty of belief in the supposed fact, under such circumstances, cannot believe him from the imputation of falsehood and fraud."

The question then arises whether the court was justified in directing a verdict for the plaintiff. The proof of the representations of the defendant rests entirely upon the plaintiff's testimony; and if the defendant had not been called as a witness I think the trial judge would have been required to submit the question to the jury. But, the plaintiff having testified to the representation, the defendant was examined as a witness in his own behalf, and, upon being asked whether he made such representation, simply replied not to his knowledge, and that he was not sure whether he had made them or not. Upon such testimony, a verdict for the defendant would have been clearly against the weight of evidence. Where a fact is testified to by a plaintiff as to a communication from the defendant, the plaintiff not at all impeached or contradicted, and where the defendant presents himself as a witness, but refuses to contradict the plaintiff's testimony, the trial court is justified in directing a verdict. It is the testimony of the plaintiff, corroborated by the fact that the defendant was examined as a witness in his own behalf and refused to contradict the plaintiff, which justifies the court in assuming that the testimony which the defendant refused to contradict was true. There was no question of damages, as the plaintiff has rescinded the sale of the stock as having been induced by fraud, and he was then entitled to recover, as for money had and received, the amount that he had paid therefor with interest; and for that amount the court properly directed a verdict for the plaintiff.

It follows that the order appealed from should be reversed, with $10 costs and disbursements, the verdict reinstated, and judgment directed upon the verdict, with costs. All concur.